## J. H. THORP, INC. ET AL. v. UNITED STATES

No. 5767.—Invoices dated Carlisle, Scotland, September 17, 1941, etc.
Certified September 24, 1941, etc.
Entered at New York, N. Y., November 13, 1941, etc.
Entry No. 724373/1–2, etc.

(Decided December 9, 1942)

*Brooks & Brooks* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KINCHELOE, Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the court:

(1) That the merchandise the subject of the appeals enumerated in the annexed schedule A, consists of cotton cloth imported from Great Britain.

(2) That the appraised values of the merchandise covered by these appeals, less any additions made by the importers under duress at the time of entry represents the prices at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and represent the export value of such merchandise and that there were no higher foreign values at the time of exportation thereof.

(3) That the appeals are abandoned as to all merchandise not entered under duress and these cases are submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the cotton cloth, such values are the appraised values, less any additions made by the importers under duress at the time of entry.

The appeals having been abandoned insofar as they relate to all merchandise not entered under duress, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.